UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| LOUIS and KAREN METRO FAMILY, LLC, and SOUTHERN OHIO PIZZA, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 4:06-cv-177-WGH-DFH |
| LAWRENCEBURG CONSERVANCY DISTRICT, and CITY OF LAWRENCEBURG, | ) ) ) ) | |
| Defendants. | ) | |

**ENTRY ON CROSS-MOTIONS FOR
PARTIAL SUMMARY JUDGMENT**

**Introduction**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge,[1] on Defendants' Motion for Partial Summary Judgment on Remand filed November 15, 2010. (Docket Nos. 161-62). Plaintiffs filed a response and cross-motion on December 17, 2010. (Docket Nos. 165-66). Defendants filed a response to the Plaintiff's cross-motion on January 3, 2010. (Docket No. 168).

---

[1] In their Case Management Plan filed March 30, 2007, the parties consented to Magistrate Judge jurisdiction in this case. (Docket No. 15). Then-District Judge David Frank Hamilton entered an Order of Reference on April 3, 2007. (Docket No. 16).

## Analysis

On remand from the United States Court of Appeals for the Seventh Circuit, the Magistrate Judge has been instructed to determine the appropriate remedy for a breach of contract. Specifically, the Seventh Circuit concluded that Metro deserved the full benefit of its bargain and explained as follows:

> In our view, the closest that one can come to making Metro Family whole for the shortfall in compensation is to determine how much it lost at the moment that the option became impossible to exercise . . . . If expert testimony shows that the tract on the relevant date was worth more than the option price of $269,490, then Metro Family suffered a loss equal to the difference between the actual value and the option price; interest would also be due on any such loss, up to the date when the damages are paid. If it was worth the same or less than the option price, then Metro Family did not suffer any damages and it should take nothing.

*Louis and Karen Metro Family, LLC v. Lawrenceburg Conservancy Dist.,* 616 F.3d 618, 625 (7th Cir. 2010).

The Option provides, in clear and unambiguous language, the following:

> 9. The District shall convey a valid, indefensible fee simple title, unencumbered except as to the easements stated in paragraph 2 above.

> \* \* \* \* \*

> 11. The District agrees that the property will be excavated and left by the District in a reasonable manner to facilitate Metro's plans to rebuild a facility on the property to be conveyed as a result of the exercise of this Option.

The term "excavated" is not defined in the Option. The Websters Dictionary in effect in 2001, when the Option was drafted, defines "excavate" as follows:

       1) to form a cavity or hole in
       2) to form by hollowing
       3) to dig out and remove
       4) to expose by digging away a covering.

Nothing in the definitions of the term "excavate" suggests that the District was required to bring in fill dirt or other material to *raise* the level of the ground to "facilitate" rebuilding. Therefore, the Magistrate Judge concludes that the appraisals needed to determine the actual value of the real property at issue should be based on the following assumptions:

     1. The land to be purchased is as described in Exhibits A and B to the Option.

     2. The land is subject to the easements and restrictions listed in paragraph 2 of the Option.

     3. The title to be conveyed is as described in paragraph 9 of the Option.

     4. Prior to exercise of the Option, the real estate would be "excavated" to remove any physical obstructions which would prohibit or impede the building of a structure, but such excavation would not require the District to provide fill material to raise the elevation higher than the elevation which existed on November 17, 2005.

     5. The value established would be the value reached between a willing buyer and a willing seller on November 17, 2005.[2]

---

[2] The parties have stipulated that this is the appropriate date of valuation.

## Conclusion

For the reasons outlined above, the Defendants' Motion for Partial Summary Judgment on Remand (Docket No. 161) is **GRANTED, in part,** and **DENIED, in part.** Additionally, Plaintiffs' Motion for Partial Summary Judgment (Docket No. 166) is **GRANTED, in part,** and **DENIED, in part.** The parties shall prepare appraisals in compliance with this order, and if they do not agree to resolve the issue of actual value, a **HEARING** is set before Magistrate Judge Hussmann on **THURSDAY, MAY 5, 2011,** at 1:00 pm., New Albany time (EDT), in Room 200, U.S. Courthouse, New Albany, Indiana, at which time the Court will issue a final judgment on the damages aspect of this case.

**SO ORDERED.**

**Dated:** January 11, 2011

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Richard A. Butler
rabutler9@comcast.net

William C. Moyer
LORCH & NAVILLE, LLC
wmoyer@lorchnaville.com

Stephen T. Naville
LORCH & NAVILLE, LLC
snaville@lorchnaville.com

Joshua Taylor Rose
FROST BROWN & TODD, LLC
jtrose@fbtlaw.com

Joseph Wilber Votaw III
VOTAW & KISOR
josephvotaw@earthlink.net

Susan Lynn Williams
FROST BROWN & TODD LLC
swilliams@fbtlaw.com